UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    1:24-cv-01023-NRM-CLP

ZHENG SHI,

Plaintiff,

-against-                              **ANSWER**

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                                   JURY TRIAL DEMANDED

Defendant.

-----------------------------------------------------------------------X

       The defendants, SUKCHAIN SINGH and UNITED AUTO GROUP, by their attorneys, SCAHILL LAW GROUP P.C., as and for their Verified Answer, hereby allege as follows:

       FIRST:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

**<u>PARTIES</u>**

       SECOND: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

       THIRD:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

       FOURTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

       FIFTH:  The defendants deny the allegations contained in paragraph 5 of the Complaint, except admit SUKCHAIN SINGH, a Queens County domiciliary, was operating a Toyota Camry livery vehicle owned by UNITED AUTO GROUP, INC.

       SIXTH: The defendants deny the allegations contained in paragraph 6 of the Complaint, except admit UNITED AUTO GROUP, INC., is a domestic New York State

Corporation.

SEVENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

## STATEMENT OF CLAIM

EIGHTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

NINTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

TENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

ELEVENTH: The defendants deny the allegations contained in paragraph 10a of the Complaint.

TWELFTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10b of the Complaint.

THIRTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

FOURTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

FIFTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

SIXTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13a of the Complaint.

## SEPARATE ACTION NO-FAULT BENEFITS

SEVENTEENTH: The defendants deny the allegations contained in paragraph 14 of the Complaint.

## RELIEF SOUGHT

EIGHTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

## AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

NINETEENTH:  The Plaintiff has failed to obtain personal jurisdiction over the defendants, SUKCHAIN SINGH and UNITED AUTO GROUP.

## AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

TWENTIETH:  That whatever damages, personal or property, or wrongful death plaintiff(s) may have sustained, if any, at the time and place alleged in the complaint, or any amendments thereto, if not caused in whole by the carelessness, negligence, assumption of risk and culpable conduct of the plaintiff(s), and/or plaintiff's intestate, were then caused for the most part by the carelessness, negligence, culpable conduct and want of care on the part of the plaintiff(s) and/or plaintiff's intestate; and, if any carelessness, negligence or culpable conduct upon the part of defendant caused or contributed to such injury or wrongful death, such on the part of defendant bore only a slight proportion to the entire negligence, carelessness and culpable conduct attributable to both plaintiff(s) and defendant in causing the accident and any resulting injury.

## AS AND FOR A THIRD SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

TWENTY-FIRST:  In the event Plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefits programs.

## AS AND FOR A FOURTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

TWENTY-SECOND:  The accident described in the Complaint did not result in a "serious injury" to Plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, Plaintiff had and has no right to institute, maintain or prosecute this action and is barred from doing so.

The Plaintiff did not sustain serious injury as defined by Section 5102(d) and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

TWENTY-THIRD:  The plaintiff's claims are barred by the emergency doctrine.  Due to sudden and unexpected actions of the plaintiff, co-defendant, as yet unidentified party, or other emergency, the defendant was left without time to contemplate or weigh alternative courses of action and therefore cannot reasonably be held to the standard of care required of one who has had a full opportunity to reflect and therefore was not negligent.

## AS AND FOR A SIXTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  The plaintiff's cause of action is barred and/or non-actionable pursuant to the provisions of the New York State Workers' Compensation Law, Sections 11 and 29.

## AS AND FOR AN SEVENTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   In the event the plaintiff settles with the codefendants in this action, pursuant to General Obligations Law §15-108, the answering defendants are entitled to a set-off of the greater of either the amount of the settlement or the settling defendants' equitable share of plaintiff's damages award on a verdict.

## AS AND FOR A CROSS-COMPLAINT AGAINST
## THE CO-DEFENDANTS, DAVINDER SINGH
## and AMERICAN TRANSIT INSURANCE

TWENTIETH: If the Plaintiff was caused to sustain injury and damage at the time and place as set forth in the complaint through any carelessness, negligence or culpable conduct other than that of the Plaintiff, said injuries and damages were caused by the negligence, carelessness and culpable conduct on the part of the co-defendants, DAVINDER SINGH and AMERIAN TRANSIT INSURANCE, their agents, servants and/or employees with the negligence, if any, on the part of the answering defendants being slight and/or derivative only.  By reason of the foregoing, the co-defendants, DAVINDER SINGH and AMERIAN TRANSIT INSURANCE, will be liable to the answering defendants in the event, and in the amount, of recovery herein by the Plaintiff, or in such amounts as the Court or jury may direct.

WHEREFORE, the defendants, SUKCHAIN SINGH and UNITED AUTO GROUP, demand judgment dismissing the complaint herein as to the answering defendants, and further demand judgment over and against the co-defendants, DAVINDER SINGH and AMERIAN TRANSIT INSURANCE, for the amount of any judgment which may be obtained herein by the Plaintiff against the answering defendants, or in such amount as the Court or jury may direct, together with the costs and disbursements of this action.

DATED:    Bethpage, New York
          February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:   MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
      Attorneys for Plaintiff
      450 7th Avenue, Suite 508
      New York, New York 10123
      (917) 861-4836

      DAVINDER SINGH
      12403 1115TH Avenue, 1st Floor
      S. Ozone Park, New York 11420

      AMERICAN TRANSIT INSURANCE COMPANY
      1 Metrotech Center
      Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     1:24-cv-01023-NRM-CLP
ZHENG SHI,

                                        Plaintiff,

                -against-                                    <u>INTERROGATORIES</u>

DAVINDER SINGH, AMERIAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                                        Defendant.
------------------------------------------------------------------------X

        PLEASE TAKE NOTICE, that the defendant(s), SUKCHAIN SINGH and UNITED AUTO
GROUP, hereby demand(s) that you serve upon the undersigned within thirty (30) days
after the date service is made upon you of this notice, Interrogatories, setting forth in detail
the following:

        1.      The age, date of birth, social security number and post office address for the

plaintiff(s).

        2.      The date and approximate time of day of the subject occurrence.

        3.      The location of the alleged occurrence in sufficient detail to permit ready

identification.

        4.      The manner in which the subject accident occurred.

        5.      A detailed statement of the acts and/or omissions constituting the negligence

claimed against (the) (each) defendant(s).

        6.      If any violation of any statute, law, ordinance, rule, regulation or code is

claimed to have been violated by the answering defendant(s), identifying same by article,

section and paragraph numbers.

        7.      Whether it is claimed that the defendant(s) had actual or constructive notice

of any alleged defective condition.

8.    If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

9.    A statement of all personal injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof.

10.    A statement of such injuries claimed to be permanent and the nature and extent thereof.

11.    The length of time:

    a.    confined to a hospital, giving the name and address of said hospital;
    b.    confined to bed;
    c.    confined to house/home;
    d.    totally disabled;
    e.    partially disabled; and

12.    Occupation(s) of the plaintiff(s), setting forth:

    a.    name of employer;
    b.    address of employer;
    c.    dates incapacitated from employment;
    d.    average weekly salary at the time of the accident; and
    e.    loss of earnings.

If plaintiff is a student, set forth:

    a.    Name of school attended;
    b.    Address;
    c.    Dates of absence;

13.    Separately state the amounts claimed as special damages:

    a.    physician's services;
    b.    medical supplies;
    c.    hospital charges;
    d.    x-ray expenses;
    e.    nurse services;
    f.    loss of earnings; and
    g.    other expenses (itemize).

14.    a.    State if any of the amounts in answer to Paragraph "13" have been

paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

        b.      The amount of such payment.  List each item separately.

        c.      Name of insurance company making such payment and the claim number thereof.

    15.    State in what respect plaintiff(s) will claim to have sustained (1) a "serious injury" and (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

    16.    State whether it is claimed that any pre-existing condition or injury, including neurological disturbance, psychiatric condition or physical condition of the plaintiff(s) has/have been aggravated as a result of the occurrence.  If so: (1) specify each pre-existing condition/injury that has been aggravated; and (2) state the manner in which each such condition/injury has been aggravated.

    17.    State whether the vehicle in which the plaintiff(s) was/were a(n) occupant(s) was equipped with a lap seat, chest or shoulder harness; and indicate whether the plaintiff(s) was/were wearing said device at the time of the accident.

    18.    Where applicable, a detailed statement of plaintiff's(') automobile damage setting forth:

        a.      itemized cost of repair or replacement;
        b.      make, style, model, year of manufacture, serial number and license number of plaintiff's(') automobile;
        c.      claimed market value immediately prior to accident;
        d.      length of time plaintiff(s) was/were deprived of said automobile and the nature and amount of money damages claimed therefore.
        e.      the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement.
        f.      date of purchase and original cost.

    19.    Set forth a description and itemization of all other alleged personal property

damage.

20.     If loss of services is claimed, set forth a detailed description of said loss of services, including the length of time the plaintiff(s) claim(s) deprived of same.

Dated: Bethpage, New York
      February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:    MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
       Attorneys for Plaintiff
       450 7th Avenue, Suite 508
       New York, New York 10123
       (917) 861-4836

       DAVINDER SINGH
       12403 1115TH Avenue, 1st Floor
       S. Ozone Park, New York 11420

       AMERICAN TRANSIT INSURANCE COMPANY
       1 Metrotech Center
       Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   1:24-cv-01023-NRM-CLP
ZHENG SHI,

                              Plaintiff,

               -against-                       <u>NOTICE TO PRODUCE</u>

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                             Defendant.
-----------------------------------------------------------------------X

       PLEASE TAKE NOTICE, that pursuant to the federal rules of civil procedure of this Court, the defendant(s) hereby demand(s) that the Plaintiff serve upon and produce at the offices of SCAHILL LAW GROUP P.C., 1065 Stewart Avenue, Suite 210, Bethpage, New York 11714, at 10:00 o'clock in the forenoon on March 27, 2024, for discovery and inspection, photographing and copying the following:

       1.      The names and addresses of each person claimed by any party you represent, to be a witness to any of the following:

          a.      the occurrence alleged in the complaint;

          b.      any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

          c.      any actual notice allegedly given to the defendant(s) or any employee of defendant(s) of any condition which allegedly caused the occurrence alleged in the complaint;

          d.      the nature and duration of any condition which allegedly caused or contributed to the occurrence set forth in the complaint;

          e.      the condition of the scene during and immediately following the subject occurrence, including the position of the vehicles, where applicable;

          f.      any post-accident statements/admissions made by or on behalf of the defendant(s);

          g.      the physical and mental conditions of, and the location of, the parties, during and immediately following the subject occurrence;

          h.      any person who the plaintiff intends to call to testify on the damages

portion of the trial, and their last known address.

The undersigned will object upon the trial of this matter as to the testimony of any witness not specifically identified herein.

2.      Each and every statement made by or on behalf of <u>the defendant(s)</u>, his/her/their agents, servants, and/or employees, now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action.

3.      The names and addresses of all treating physicians, chiropractors and physio-therapists.

4.      Copies of the medical reports of all physicians who have treated, examined or x-rayed the party seeking recovery for the condition, disease or injury which is the subject of this action or any <u>prior</u> related condition, disease or injury, whether or not such physician will testify at the trial hereof; identifying those x-rays and technicians' reports which will be offered at trial, including reports of any prior related condition, disease or injury.

5.      Duly executed, acknowledged, and original, HIPAA compliant, authorizations, **with Section 9A fully completed,** permitting the undersigned to obtain and make copies of all hospital records, including x-rays and technicians' reports as may be referred to and identified in any statements of the examined party's physicians.

6.      a.      Duly executed, acknowledged and original, HIPAA Compliant, authorizations, **with Section 9A fully completed,** permitting the undersigned or their representatives to examine and make copies of the office records of all physicians and others who examined, attended, cared for and treated the plaintiff(s) for the injury(ies) and condition(s) and aggravation(s) for which damages are claimed in this lawsuit, including actual x-rays, MRI, CT scans, test data and interpretations, consultations, diagnoses, prognoses and medical history.

b.      Duly executed, acknowledged and original HIPAA compliant authorizations, **with Section 9A fully completed,** permitting the undersigned or their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff(s) prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

7.      All photographs, audiotape, dvds, motion pictures, slides, videotape, and/or surveillance in plaintiff's(') possession depicting:

a.      the scene of the occurrence, including the subject intersection and/or roadway;

b.      any alleged defective conditions, as they existed at and/or immediately following the time of the subject occurrence;

      c.      any vehicle allegedly involved in the subject occurrence, both prior and subsequent to the accident;

      d.      any injury of the plaintiff(s).

8.      If loss of earnings or income from any self-employment source are claimed herein, provide copies of the plaintiff's(') Federal Income Tax returns for the three years prior to the year in which the accident is alleged to have occurred, the year of, and the year following the alleged accident.

9.      If not self-employed, provide duly executed, acknowledged and original authorizations permitting the undersigned to obtain copies of all W-2 forms, payroll and time ledgers.  This demand is made regardless of whether there is a claim for lost wages.

10.      If a claim has been presented to any municipal or governmental agency or body in connection with the alleged occurrence which forms the basis of this lawsuit, provide copies of the notice of claim filed on plaintiff's(') behalf as well as the full and complete record of any and all hearings and depositions held before such body or agency in regard to such claim.

11.      Duly executed, acknowledged and current and original authorizations for Worker's Compensation records including all reports of health care providers.

12.      Duly executed and acknowledged authorizations from (the) (each) plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein; provide the subject no-fault file and claim number.

13.      Duly executed, acknowledged and original authorizations for all Social Security records, including but not limited to, applications, awards and findings pertaining to benefits paid to plaintiff(s) and/or plaintiff's(') decedent(s).

14.      Pursuant to CPLR §3101(d), provide the following:

      a.      the name and address of each expert witness expected to be called at the time of trial;
      b.      the subject matter upon which each expert is expected to testify;
      c.      the substance of the facts and opinions on which each expert is expected to testify;
      d.      the qualifications of each expert witness;
      e.      a summary of the grounds for each expert's opinion.

15.      If plaintiff(s) sustained any prior or subsequent injury or condition which is similar or related to the injuries being alleged in the present matter, provide the following:

a.      Duly executed, acknowledge, current, original HIPAA compliant authorizations, **with Section 9A fully completed,** to allow defendant(s) to obtain all medical records, hospital records, x-rays, MRI scans and technical and diagnostic reports directed to any hospital, clinic or other health care facility in which the injured plaintiff is or was treated or confined.

b.      Names and addresses of all physicians or other health care providers of every description who have consulted, examined, or treated plaintiff for any prior/subsequent injuries or conditions.

c.      Authorizations to allow defendant(s) to obtain all medical records of each physician provider enumerated in (b), if such has not been provided.

d.      Copies of all medical reports received from any and all physician(s)/provider(s) enumerated in (a), (b) or (c).

e.      Duly executed, acknowledge, current, original HIPAA compliant authorizations, **with Section 9A fully completed,** to allow defendant(s) to obtain complete pharmacy/drug store records with respect to all drugs prescribed to plaintiff.

f.      Authorizations to allow defendant(s) to obtain the complete legal file relating to any and all said pre-existing conditions, and related prior or subsequent injury, including all pleadings, Bill of Particulars, deposition transcripts, medical, diagnostic and no-fault records.

16.     If plaintiff(s) is/are claiming any disabilities following the occurrence, provide duly executed, acknowledged and original authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff's(') employment records and/or school records which relate to attendance, medical history, treatment and examinations by all physicians, nurses, hospitals and others.

17.     Pursuant to CPLR §4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other records pertaining to collateral source reimbursements received by plaintiff(s) or on behalf of plaintiff(s) for the special damages alleged in the instant lawsuit.

18.     The names and addresses of all attorneys and parties who have appeared in this action.

19.     Provide the index number and name of assigned judge, if applicable.

20.     A copy of the plaintiff's(') government-issued photo identification.

Non-compliance with any of the foregoing demands shall form the basis of a motion for preclusion, and objection upon the trial of this matter, as to any evidence or information

not provided.

PLEASE TAKE FURTHER NOTICE, that each of the foregoing demands shall be deemed to be continuing up to, and including the trial of this action.

It shall be deemed sufficient compliance with the foregoing demands if the information and photocopies of the documents requested are served by mail upon the undersigned and received prior to the date specified above, and provided that all authorizations are in full compliance with all Federal HIPAA requirements as to form and substance.

DATED:    Bethpage, New York
           February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:    MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
      Attorneys for Plaintiff
      450 7th Avenue, Suite 508
      New York, New York 10123
      (917) 861-4836

      DAVINDER SINGH
      12403 1115TH Avenue, 1st Floor
      S. Ozone Park, New York 11420

      AMERICAN TRANSIT INSURANCE COMPANY
      1 Metrotech Center
      Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     1:24-cv-01023-NRM-CLP
ZHENG SHI,

                                        Plaintiff,

                                                                        DEMAND FOR MEDICARE/
                -against-                                                MEDICAID INFORMATION

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                                        Defendant.
------------------------------------------------------------------------X

        PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR and 42 USC
§1395y (b) (8) (A), the undersigned attorneys for defendant(s), SUKCHAIN SINGH and
UNITED AUTO GROUP, hereby demand(s) that plaintiff furnish within thirty (30) days of
service of this notice the following:

        1.      A statement as to whether the plaintiff(s) has/have received benefits from

either Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged

in the instant action.  If so, please state and/or provide:

                a.      Plaintiff's(') full name;
                b.      Plaintiff's(') gender;
                c.      Plaintiff's(') date of birth;
                d.      Plaintiff's(') Social Security number;
                e.      Plaintiff's residence telephone number;
                f.      The    Health    Insurance    Claim    Number    and/or
                        Medicare/Medicaid file number;
                g.      The address of the office handling the plaintiff's(') Medicare
                        and/or Medicaid file;
                h.      A duly executed authorization bearing plaintiff's date of birth
                        and Social Security number permitting this firm and/or the
                        representatives of defendant(s) to obtain copies of
                        plaintiff's(')   Medicare and/or Medicaid records.

        2.      State whether Medicare and/or Medicaid has a lien and the amount of any

such lien.

        3.      Provide copies of all documents, records, memoranda, notes, etc., in

plaintiff's(') possession pertaining to plaintiff's(') receipt of Medicare and/or Medicaid benefits, including copies of all documents provided to or received from the Medicare and/or Medicaid administrator.

4.      If any Medicare and/or Medicaid Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medicare and/or Medicaid regarding those claims.

5.      If Plaintiff has/have not received Medicare and/or Medicaid benefits in the past or is not receiving Medicare and/or Medicaid benefits now, state whether plaintiff is eligible to receive Medicare and/or Medicaid benefits.

6.      If Plaintiff has/have been receiving Medicare and/or Medicaid benefits and is now deceased, please provide the following:

      a.    Relationship of the administrator of plaintiff's(') estate to plaintiff's decedent;
      b.    Name and address of plaintiff's administrator;
      c.    Telephone number and/or e-mail address of plaintiff's(') administrator;
      d.    Social Security number of plaintiff's administrator;
      e.    An authorization to examine and copy deceased's Medicare and/orMedicaid records.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR, this is a continuing demand and that you are required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above-requested information, an Affidavit to that effect should be submitted.

PLEASE TAKE FURTHER NOTICE that failure to comply with this Demand for Medicare/Medicaid information may result in the necessity of a motion to compel discovery accompanied by a request for the appropriate costs.

DATED:      Bethpage, New York
            February 27, 2024

*[signature]*

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:   MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
Attorneys for Plaintiff
450 7th Avenue, Suite 508
New York, New York 10123
(917) 861-4836

DAVINDER SINGH
12403 1115TH Avenue, 1st Floor
S. Ozone Park, New York 11420

AMERICAN TRANSIT INSURANCE COMPANY
1 Metrotech Center
Brooklyn, New York 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF EASTERN
---------------------------------------------------------X     Index No. 1:24-cv-01023-NRM-CLP
ZHENG SHI,

                        Plaintiff,        DEMAND FOR
                                          EVENT DATA
         -against-                   RECORDER/VIDEO
                                          RECORDER

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                          Defendant.
---------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that pursuant to CPLR §§3101 and 3120 and the applicable rules of this Court, the defendant(s) hereby demand(s) that the Plaintiff serve upon and produce at the offices of SCAHILL LAW GROUP P.C., 1065 Stewart Avenue, Suite 210, Bethpage, New York 11714, at 10:00 o'clock in the forenoon on March 27, 2024, for discovery and inspection, photographing and copying the following:

      Provide any and all copies and/or authorizations for the release of any and all records in your possession or any third-party vendors pertaining to Video Recorders, videotapes, audiotapes, memory storage sticks, memory storage cards, USB flash drives, DVDs, motion pictures, still photographs, and/or surveillance in any of the parties' possession depicting:

      a.     the scene of the occurrence, including the subject intersection and/or roadway;

      b.     any alleged defective conditions, as they existed at and/or immediately following the time of the subject occurrence;

      c.     of the alleged accident as it occurred, before, during, and after it occurred;

      d.     of any witnesses at the scene to the alleged accident; and

      e.     any injury to the plaintiff(s).

      Non-compliance with any of the foregoing demands shall form the basis of a motion for preclusion, and objection upon the trial of this matter, as to any evidence or information not provided.

      PLEASE TAKE FURTHER NOTICE, that each of the foregoing demands shall be deemed to be continuing up to and including the trial of this action.

It shall be deemed sufficient compliance with the foregoing demands if the information and photocopies of the documents requested are served by mail upon the undersigned and received prior to the date specified above, and provided that all authorizations are in full compliance with all Federal HIPAA requirements as to form and substance.

DATED:     Bethpage, New York
           February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:   MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
      Attorneys for Plaintiff
      450 7th Avenue, Suite 508
      New York, New York 10123
      (917) 861-4836

      DAVINDER SINGH
      12403 1115TH Avenue, 1st Floor
      S. Ozone Park, New York 11420

      AMERICAN TRANSIT INSURANCE COMPANY
      1 Metrotech Center
      Brooklyn, New York 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF EASTERN
--------------------------------------------------------X Index No. 1:24-cv-01023-NRM-CLP
ZHENG SHI,

                             Plaintiff,     DEMAND FOR
                                           DISCLOSURE OF
        -against-              WEARABLE ELECTRONIC
                                           DEVICE INFORMATION

DAVINDER SINGH, AMERICAN TRANSIT
INSURANCE, SUKCHAIN SINGH,
UNITED AUTO GROUP,

                             Defendants.
--------------------------------------------------------X

      PLEASE TAKE NOTICE, that pursuant to CPLR §3120, the applicable rules of this Court, and the holdings of Romano v. Steelcase Inc., 30 Misc. 3d 426, 907 N.Y.S.2d 650 (Sup. Ct. 2012); the defendant(s) hereby demand(s) that the Plaintiff serve upon and produce at the offices of SCAHILL LAW GROUP P.C., 1065 Stewart Avenue, Suite 210, Bethpage, New York 11714, at 10:00 o'clock in the forenoon on March 27, 2024, for discovery and inspection, photographing and copying the following:

      Plaintiff are hereby required to furnish to the undersigned authorizations to obtain full access to and copies of all of the following requested personal wearable electronic device information for the period of three (3) years prior to the date of loss in this matter to present:

      DISCLOSURE OF ALL PERSONAL/WEARABLE ELECTRONIC DEVICE INFORMATION:

      1.     Authorization for the release of all records and photographs to include the e-mail address associated with any account the plaintiff(s) has/have relating to the use of any and all personal wearable electronic device(s) along with user name/handle.

      2.     This information is to include, but not limited to, the following items of discovery:

            a.     All day activity tracking with dates and times;

            b.     Tracked steps, floors climbed, distance, active minutes, exercise log;

            c.     Sleep log;

            d.     Weight log:

      e.      Heart rate log:

      f.      Location information and geo-positioning date.

      3.      If the plaintiff(s) never had such devices or accounts, provide an affidavit from plaintiff(s) stating same.

Non-compliance with any of the foregoing demands shall form the basis of a motion for preclusion, and objection upon the trial of this matter, as to any evidence or information not provided.

PLEASE TAKE FURTHER NOTICE, that each of the foregoing demands shall be deemed to be continuing up to and including the trial of this action.

It shall be deemed sufficient compliance with the foregoing demands if the information and photocopies of the documents requested are served by mail upon the undersigned and received prior to the date specified above, and provided that all authorizations are in full compliance with all Federal HIPAA requirements as to form and substance.

DATED:      Bethpage, New York
                February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:    MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
       Attorneys for Plaintiff
       450 7th Avenue, Suite 508
       New York, New York 10123
       (917) 861-4836

       DAVINDER SINGH
       12403 1115TH Avenue, 1st Floor
       S. Ozone Park, New York 11420

AMERICAN TRANSIT INSURANCE COMPANY
1 Metrotech Center
Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    1:24-cv-01023-NRM-CLP
ZHENG SHI,

Plaintiff,

                                                                NOTICE TO TAKE
              -against-                                         DEPOSITION UPON
                                                                ORAL EXAMINATION
DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

Defendant.
-----------------------------------------------------------------------X

    **PLEASE TAKE NOTICE,** that pursuant to Federal Rules of Civil Procedure Law and Rules the testimony, upon oral examination of the Plaintiff whose address is c/o his attorney, as an adverse party, will be taken before a notary public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the SCAHILL LAW GROUP P.C., 1065 Stewart Avenue, Suite 210, Bethpage, New York 11714, on  April 27, 2024, at 10:00 o'clock in the forenoon of that day with respect to evidence material necessary in the defense of this action:

    All of the relevant facts and circumstances in connection with the accident which occurred on November 29, 2023, including negligence, contributory negligence, liability and damages.

DATED:    Bethpage, New York
          February 27, 2024

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO:    MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
       Attorneys for Plaintiff
       450 7th Avenue, Suite 508
       New York, New York 10123
       (917) 861-4836

       DAVINDER SINGH
       12403 1115TH Avenue, 1st Floor
       S. Ozone Park, New York 11420

       AMERICAN TRANSIT INSURANCE COMPANY
       1 Metrotech Center
       Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     1:24-cv-01023-NRM-CLP
ZHENG SHI,

                                        Plaintiff,

                                                                        CERTIFICATE
                    -against-                                           OF SERVICE

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                                        Defendant.
------------------------------------------------------------------------X

         I hereby certify that on March 4, 2024, the foregoing documents were filed with the
Clerk of the U.S. District Court, Eastern District of New York, and served on all counsel of
record electronically via ECF filing system.


                                        FRANCIS J. SCAHILL (FJS-9392)
                                        SCAHILL LAW GROUP P.C.
                                        Attorneys for Defendant
                                        SUKCHAIN SINGH and
                                        UNITED AUTO GROUP
                                        1065 Stewart Avenue, Suite 210
                                        Bethpage, New York 11714
                                        (516) 294-5200
                                        Claim No. B-107016-02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
1:24-cv-01023-NRM-CLP
_____

ZHENG SHI,

                              Plaintiff,


                  -against-


DAVINDER SINGH, AMERICAN TRANSIT INSURANCE,
SUKCHAIN SINGH, UNITED AUTO GROUP,

                              Defendants.
_____

**VERIFIED ANSWER AND DISCOVERY DEMANDS**
_____

**SCAHILL LAW GROUP P.C.**
Attorneys for Defendants
SUKCHAIN SINGH and UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
_____

Please take notice

☐ <u>Notice of entry</u>
that the within is a (*certified)* true copy of a _____ duly entered in the office of the clerk of the
within named court on _____

☐<u>Notice of Settlement</u>
that an order ^ of which the within is a true copy will be presented for _____ settlement to the
HON. _____ one of the judges of the within named court, at _____ on
Dated: Bethpage, New York

                              Yours, etc.
                              **SCAHILL LAW GROUP P.C.**
                              Attorneys for Defendants
                              SUKCHAIN SINGH and
                              UNITED AUTO GROUP
To: All Parties               1065 Stewart Avenue, Suite 210
                              Bethpage, New York 11714
                              (516) 294-5200