UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ZHENG SHI,                                   Case No.: 1:24-cv-01023-NRM-CLP

                        Plaintiff,

                                             **VERIFIED ANSWER**
            -against-                        **TO COMPLAINT**

DAVINDAR SINGH, AMERICAN TRANSIT
INSURANCE, SUKHCHAIN SINGH, UNITED
AUTO GROUP INC.

                        Defendants
-----------------------------------------------------------X

     Defendant, DAVINDAR SINGH, through his attorneys, BARRY McTIERNAN & MOORE LLC, answering plaintiff's Complaint, states as follows:

     ONE:     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "1" of the Complaint and refers all questions of law to the Court.

## PARTIES

     TWO:     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "2" of the Complaint.

     THREE:     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "3" of the Complaint and refers all questions of law to the Court.

     4.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "4" of the Complaint and refers all questions of law to the Court.

5.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "5" of the Complaint.

6.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "6" of the Complaint.

7.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "7" of the Complaint.

## STATEMENT OF CLAIM

8.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "8" of the Complaint.

9.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "9" of the Complaint.

10.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "10" of the Complaint.

10.a    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "10a" of the Complaint.

10.b    Denies each and every allegation contained in paragraph numbered "10b" of the Complaint.

11.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "11" of the Complaint and respectfully refers all questions of law to the Court.

12.    Denies each and every allegation contained in paragraph numbered "12" of the Complaint.

13.     Denies each and every allegation contained in paragraph numbered "13" of the Complaint.

13a.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "13a" of the Complaint.

## SEPARATE ACTION NO FAULT BENEFITS

14.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "14" of the Complaint and respectfully refers all questions of law to the Court.

## RELIEF SOUGHT

15.     Denies each and every allegation contained in paragraph numbered "15" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.     The personal injuries alleged to have been sustained by the plaintiff were caused in whole or in part as a result of the culpable conduct attributable to the plaintiff and the defendant, DAVINDAR SINGH submit that any recovery had by plaintiff should be reduced in the proportion to which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.     That the injuries to the plaintiff, if any, arose out of certain risks, dangers and hazards, all of which were obvious and well known to the plaintiff at and before the said injuries and all of said risks, dangers and hazards had been assumed by the plaintiff herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.     In the event Plaintiff(s) recover(s) a verdict or judgment against this answering defendant DAVINDAR SINGH then said verdict or judgment must be reduced pursuant to the C.P.L.R. 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Workers' Compensation or employee benefit programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20.     That plaintiff is not entitled to a recovery in whole or in part due to the failure of said plaintiff to mitigate her damages and defendant, DAVINDAR SINGH will seek a dismissal of plaintiff's suit due to said failure to mitigate or in the alternative a reduction in any recovery to be made by plaintiff due to her failure to mitigate her damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS SUKHCHAIN SINGH AND UNITED AUTO GROUP INC.

21.     That in the event Plaintiff sustained the injuries and damages complained of, it will be claimed by Defendant, DAVINDAR SINGH, that such injuries and damages were caused, or contributed to, by the negligence and carelessness of codefendants, SUKHCHAIN SINGH and UNITED AUTO GROUP INC. and in the event any judgment is recovered herein against Defendants, DAVINDAR SINGH, codefendants, SUKHCHAIN SINGH and UNITED AUTO GROUP INC., are obligated to reimburse Defendants, DAVINDAR SINGH, for such portion of the judgment, in whole or in part, which portion is attributable to codefendants, SUKHCHAIN

SINGH and UNITED AUTO GROUP INC., and are obligated to reimburse Defendants, DAVINDAR SINGH.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS SUKHCHAIN SINGH AND UNITED AUTO GROUP INC

22. That if Plaintiff sustained the injuries alleged such injuries were caused by the negligence of codefendants, SUKHCHAIN SINGH and UNITED AUTO GROUP INC., and not due to the negligence of Defendants, DAVINDAR SINGH.

23. That in the event judgment is recovered herein against Defendant, DAVINDAR SINGH, it will be claimed by said Defendant, DAVINDAR SINGH, that such liability on their part will have been brought about by the conduct of codefendants, SUKHCHAIN SINGH and UNITED AUTO GROUP INC., and that Defendant DAVINDAR SINGH, will be cast into damages solely by operation of law.

24. That by reason of the foregoing, codefendants, SUKHCHAIN SINGH and UNITED AUTO GROUP INC., are obligated to indemnify Defendants, DAVINDAR SINGH, against any judgment which may be recovered herein against Defendants, DAVINDAR SINGH.

**WHEREFORE**, defendant, DAVINDAR SINGH, demands judgment dismissing the Complaint of plaintiff herein as to said defendant, together with the costs, fees, expenses and disbursements of this action.

Dated: New York, New York
March 12, 2024

BARRY McTIERNAN & MOORE LLC

_____
Claire F. Rush, Esq.
Attorneys for Defendant
DAVINDAR SINGH
101 Greenwich Street, 14th Floor
New York, New York 10006
(212) 313-3600

TO:     Martin Druyan, Esq.
        MARTIN DRUYAN & ASSOCIATES
        Attorneys for Plaintiff
        450 7th Avenue, Suite 508
        New York, New York 1001012301
        (212) 686-4655

        Francis Jarlath Scahill, Esq.
        SCAHILL LAW GROUP P.C.
        Attorneys for Defendants
        SUKCHAIN SINGH and
        UNITED AUTO GROUP
        1065 Stewart Avenue, Suite 210
        Bethpage, New York 11714
        (516) 873-6229

# ATTORNEY VERIFICATION

CLAIRE F. RUSH, ESQ., affirms the following under penalties of perjury pursuant to CPLR 2106:

I am a member of BARRY McTIERNAN & MOORE LLC, attorneys of record for defendant, DAVINDAR SINGH.

This Affirmation is made upon information and belief, the source of your affirmant's belief being the files and records maintained by her office in connection with its defense of this action.

I have read and know the contents of this **VERIFIED ANSWER TO COMPLAINT** and the same are true to my knowledge.

Your affirmant further states that the reason this Affirmation is not made by the aforementioned defendant is that said defendant does not maintain a principal place of business in the county which your deponent currently maintains her office.

Dated: New York, New York
      March 12, 2024

                              _____
                              CLAIRE F. RUSH

## AFFIDAVIT OF SERVICE BY ELECTRONIC FILING

SHALEEM GRANT, being duly sworn, deposes and says; that deponent is not a party to this action, that she is of 18 years and upwards; and that she is employed by Barry McTiernan & Moore  LLC, attorneys for defendant DAVINDAR SINGH., in  the entitled action; that the office address of said attorneys is 101 Greenwich Street,  14th Floor, New York, New York 10006; that on the 12th day of March, 2024, I served the within VERIIFED ANSWER TO COMPLAINT (ECF) upon:

ALL PARTIES AS APPEARING ON THE EASTERN DISTRICT OF NEW YORK, ECF FILING WEBSITE AT THE E-MAIL ADDRESSES DESIGNATED BY SAID PARTIES.

_____
SHALEEM GRANT

Sworn to before me this
12th day of March, 2024

_____
Notary Public

LORI A. SPECIALE
Notary Public, State of New York
No. 01SP5077564
Qualified in Richmond County
Commission Expires May 12, 20 27