UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x      AMENDED

ZHENG SHI

                               Plaintiff      COMPLAINT

-against-

DAVINDAR SINGH

AMERICAN TRANSIT INSURANCE      JURY TRIAL DEMANDED

SUKHCHAIN SINGH

UNITED AUTO GROUP INC.

LYFT, INC.

UBER, INC..

,

                               DefendantS

----------------------------------------------------------X

     One.     Jurisdiction is based upon Diversity of Citizenship of the parties.

          PARTIES

At all times hereinafter:

Two. Plaintiff Zheng Shi is a resident and domicile of Union City, the State of New Jersey.

Three. Defendant Davindar (D.)Singh is a resident and domicile of New York City, N.Y. State.

4. Def Davindar Singh is a resident of is a resident of Queens County, N.Y. owned and operated a LYFT dispatched Taxi Toyota Camry.

4. a Defendant Lyft Inc. is a Delaware Corp. With a principal address of 185 Berry St, #5000, San Francico CA.,, 94107, with an established regular place of business 441 9th Ave New York, N.Y. 10001, Hudson Commons in New York State.

5. Def. Sukhchain Singh is a resident of Queens County, N.Y. operated a Taxi Toyota Camry owned by Def. United Auto Group Inc., a N.Y. Corporation, dispatched by John Doe Dispatch, a. 5a. Def. Uber is a non NY State corporation business/ entity, with address for service of process at 1725 3rd St. San Francisco California, 94158, "publicsafety.uber.com", doing business in New York City and New York State as a registered corporation with offices at 175 Greenwich St. N.Y., N.Y., 10006.

6. Def. United Auto Group Inc. is a New York Corporation registered and operating and doing business in Queens, N.Y, pursuant to the laws of New York State.

7. Pursuant to NY Insurance Law Def. Singh maintained vehicle insurance with Def. American Transit Insurance Company, a N.Y.S. corporation, doing business and headquartered in Queens N.Y. including insurance coverage for NO FAULT benefits to pay Plaintiffs' medical and related expenses and lost salary, as applicable by law.

7. a That Defendants Lyft, Uber dispatch rideshare platforms, maintained insurance policies for their dispatched vehicles, the Defendants herein, including supplemental No Fault insurance that Plaintiff may claim. As he called and contracted with LYFT.

7. b Defs. Lyft and Uber rideshare dispatched the Def. Vehicles herein so that the those vehicles were in the course of taxi, rideshare, private car service common carrier placing them at the JFK terminal where the accident occurred as described and dated above, in this amended complaint, injuring Plaintiff in the course of all Defendants taxi, Lyft, private car ,service business.

## PLAINTIFFS CLAIMS OF DEFENDANTS NEGLIGENCE

8. New York State Common Law Negligence and New York Statutory Rights to No Fault Insurance Coverage .

9. On At JFK Airport arrivals building, Terminal 4 , in Jamaica Queens, NY, on Nov. 29, 2023 at 11 50 pm Plaintiff after using the LYFT rise dispatch platform was contracted to the Singh, LYFT vehicle was loading his bags into the Def. Singh/Lyft trunk in the rear of the vehicle when he was struck while a "pedestrian" standing behind said Lyft vehicle, in a moving traffic lane, as Def. Singh instructed.

9a. Plaintiff was then struck by the Def. UAG/Singh/ UBER vehicle thereat.

9. aa. The Police report shows, in fact, that Def. Singh/Lyft vehicle was stopped at Terminal 4 JFK Airport, and directed Plaintiff to load/remove his bags not immediately adjacent to the terminal curb/sidewalk as the NYC Ad. Code, and JFK Airport Rules, and NYS Vehicle and Traffic Law and rules require, but instead stopped in the adjacent moving lane of traffic, adjacent to the stopped vehicles discharging and loading passengers properly at the curb/sidewalk, at said JFK terminal.

9. b. As a result of the Singh Lyft vehicle being stopped in improperly in the lane of moving traffic, Plaintiff pedestrian, loading/removing his bags into the LYFT vehicle, Plaintiff was

caused to be struck by the United Auto Group/Singh vehicle which was proceeding and moving in traffic thereat.

9.c That both Defendant vehicles were negligent in not being stopped properly, both were not proceeding and operating their vehicles safely, were not watching to avoid the dangers of cars/taxis discharging and receiving passengers and loading/removing bags and passengers thereat, were not paying attention, were speeding, didn't apply brakes, did not look, or each take steps to avoid the accident, strikign Plaintiff, crushing him as a pedestrian between the two defendant vehicles, eas was were reckless, didn't sound horn, or turn away.

9.d Both Defendant vehicles did not comply with applicable NYS, NYC and JFK rules, to avoid striking pedestrians, operate their vehicles safely.

DEF. LYFT

9e. Def. LYFT failed to vet, instruct, supervise its driver/operator/contractor Singh so as to comply with NYS and NYC JFK Airp. safety rules laws and procedures, / the Def. Vehicles violated the safety manuals, instructions and rules of their respectful ride share dispatch platforms, including LYFT safety vehicle operation, airport operation rules, dispatch rules. The rideshare/LYFT/John Doe Dispatch failed to instruct their drivers to operate, stop, discharge

passengers, load passenger bags in the operation of their vehicles as common carrier safely, in compliance with NYS, NYC and JFK rules and laws, and Lyft and Dispatch manuals, protocols, all to avoid the hazard to Plaintiff and negligence described herein, to avoid striking the Plaintiff pedestrian as described herein., .

9.f LYFT was further negligent and vicariously liable for the negligence of its driver/operator Singh, it failed to train, hire, supervise, watch, exercise reasonable care in contracting with, checking the driving record, license status, history of accidents, litigation, claims, and incidents, traffic violations and summons, points, and dispatching to JFK Airport said Def. driver operator, employee resulting in the injury to Plaintiff described herein, lacked a protocol and enforcement as to operation of its taxi vehicle in the crowded airport traffic for pickup and discharge of passengers with luggage, bags in the congested airport.

DEF. UBER

9e. Def. UBER failed to vet, instruct, supervise its driver/operator/contractor Singh so as to comply with NYS and NYC JFK Airp. safety rules laws and procedures, / the Def. Vehicles violated the safety manuals, instructions and rules of their respectful ride share dispatch platforms, including UBER safety vehicle operation, airport operation rules, dispatch rules. The rideshare/ UBER platform Dispatch failed to instruct their drivers to operate, stop, discharge passengers, load passenger bags in the operation of their vehicles as common carrier safely, in compliance with NYS, NYC and JFK rules and laws, and Lyft and Dispatch manuals,

protocols, all to avoid the hazard to Plaintiff and negligence described herein, to avoid striking the Plaintiff pedestrian as described herein., .

9.f UBER was further negligent and vicariously liable for the negligence of its driver/operator Singh, it failed to train, hire, supervise, watch, exercise reasonable care in contracting with and dispatching to JFK Airport said Def. driver operator didn't check his driving safety accident license status, summons, violations , points, claims, license status, accident litigation claims history, as contracting, employee, all resulting in the injury to Plaintiff described herein, lacked a protocol and enforcement as to operation of its taxi vehicle in the crowded airport traffic for pickup and discharge of passengers with luggage, bags in the congested airport.

## PLAINTIFF INJURIES

10. As the result of being struck by Def. UAG Group vehicle, Plaintiff was pinned between, thrown into and crushed between the two vehicles sustaining severe permanent physical injuries. requiring medical ER treatment at and from the scene at Jamaica Hospital, Queens, NY., and thereafter.

11. Plaintiff suffered injuries as the result of above contact with vehicles a significant right leg deformity, large hematoma to rightleg and knee, and left leg and knee; crush injury, significant soft tissue damage, arterial vascular damage, subsequent infections, absence of blood flow to left calf, was Hospitalized at Englewood Hospital N.J. for worsening vascular condition, infection Feb. 6-8, 2024, with a corrective operation to remove infectious tissue, has been treated with Fentanyl for pain, has been totally body injured, rendered sick sore lame and disabled missing work, and daily activities, his injury is whole body, each and every life activity is impaired,

including work and recreation, and his social life, and there is exacerbation of any prior medical conditions that were asymptomatic prior to the accident.

12. Plaintiff has suffered psychological injuries anxiety and depression as the result of the accident and his physical injuries, the doctors have diagnosed and advised Plaintiff his internal vascular and veins condition as extremely serious, that death is possible, his life is threatened as the weakened blood vessels could burst and fail, resulting in Plaintiffs bleeding to death, loss of the injured limb/ leg, and related serious permanent whole body injuries. .

13. Plaintiff's significant permanent injuries, and injuries lasting more than 180 days that impaired all of his life activities, including loss of work, income, lost opportunities, as the statute states, so as to qualify him to sue for pain and suffering, and related damages pursuant to the N.Y. Insurance Law sect. 5150.

13. There are no other third parties legally responsible for the Plaintiff's damages described herein.

13. A Plaintiff seeks money damages for the above negligence from the Defendants for his money damages, pain, suffering, lost income, all medical, hospital, treatment, therapy, taxi, nursing home attendant assistance he has required as the result of the Defs. Negligence as stated herein. .

SEPARATE ACTION NO FAULT BENEFITS

14. Defendant D. Singh and Def. American Transit Insurance Company, and LYFT, have failed to pay NY statutory no fault benefits to Plaintiff, although he has filed proper applications for those benefits, so Plaintiff claims those unpaid medical related expenses and bills benefits herein as damages.

15. Damages are sought from Def.s to the extent of insurance policies no fault benefits for his medical bills.

.

## RELIEF SOUGHT

15. Money damages are sought in the amount of THREE MILLION DOLLARS from each defendant for their negligence described above for the causes of action specified above, including NO FAULT INSURANCE BENEFITS plus interest, costs, disbursements, attorneys fees, as authorized by law from the Defendants above.

Dated
Sept. 12, 2024

                              S/ MARTIN DRUYAN ESQ.
                              Martin Druyan and Associates Attorneys

                              Attorneys for Plaintiff

                              450 7th Ave

                              NY NY 10123 Suite 508

917 861 4836, MD@Druyanlaw.com

CERTIFICATION

Pursuant to the Rules of FRCP 11 I certify as attorney for Plaintiff to the best of my knowledge information and belief that this complaint is not being presented for improper purpose, such as to harass, delay, or increase the costs of litigation, 2. Is supporter by existing case law, non frivolous arguments as to existing law, 3. The factual contentions have evidentiary support, if so identified, will have evidentiary support, after investigation and discovery.

Dated and Affirmed

Sept. 12, 2024

                                                s/ Martin Druyan  Attorney

                                                Martin Druyan and Associates

                                                Attorneys for Plaintiff