UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    1:24-cv-01023-NRM-CLP
ZHENG SHI,

                Plaintiff,

    -against-    **ANSWER TO AMENDED COMPLAINT**

DAVINDER SINGH, AMERICAN TRANSIT
INSURANCE, SUKCHAIN SINGH,
UNITED AUTO GROUP, LYFT, INC., and
UBER, INC.,

                      JURY TRIAL DEMANDED

                Defendants.
------------------------------------------------------------X

      The defendants, SUKCHAIN SINGH and UNITED AUTO GROUP, by their attorneys, SCAHILL LAW GROUP P.C., as and for their Verified Answer to the amended complaint, hereby allege as follows:

      FIRST:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

## **PARTIES**

      SECOND: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      THIRD:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

      FOURTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

      FIFTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4a of the Complaint.

SIXTH: The defendants deny the allegations contained in paragraph 5 of the Complaint, except to admit defendant, SUKCHAIN SINGH, was operating a Toyota Camry owned by UNITED AUTO GROUP.

SEVENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5a of the Complaint.

EIGHTH: The defendants admit the allegations contained in paragraph 6 of the Complaint.

NINTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

TENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7a of the Complaint.

ELEVENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7b of the Complaint.

## **PLAINTIFFS CLAIMS OF DEFENDANTS NEGLIGENCE**

TWELFTH: The defendants deny the allegations contained in paragraph 8 of the Complaint and refers all questions of law to the Court the competent jurisdiction.

THIRTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

FOURTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9a of the Complaint.

FIFTEENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9aa of the Complaint.

SIXTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9b of the Complaint.

SEVENTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9c of the Complaint.

EIGHTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9d of the Complaint.

## DEF. LYFT

NINTEENTH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9e of the Complaint.

TWENTIETH:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9f of the Complaint.

## DEF. UBER

TWENTY-FIRST:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9e of the Complaint.

TWENTY-SECOND:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9f of the Complaint.

## PLAINTIFF INJURIES

TWENTY-THIRD:  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

TWENTY-FOURTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

TWENTY-FIFTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

TWENTY-SIXTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in **both** paragraphs 13 of the Complaint.

TWENTY-SEVENTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13a of the Complaint.

**SEPARATE ACTIONS NO FAULT BENEFITS**

TWENTY-EIGHTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

TWENTY-NINTH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

**RELIEF SOUGHT**

THIRTIETH: The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

**AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY-FIRST: The Plaintiff has failed to obtain personal jurisdiction over the defendants, SUKCHAIN SINGH and UNITED AUTO GROUP.

**AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY-SECOND: That whatever damages, personal or property, or wrongful death plaintiff(s) may have sustained, if any, at the time and place alleged in the complaint, or any amendments thereto, if not caused in whole by the carelessness, negligence, assumption of risk and culpable conduct of the plaintiff(s), and/or plaintiff's intestate, were then caused for the most part by the carelessness, negligence, culpable conduct and want of care on the part of the plaintiff(s) and/or plaintiff's intestate; and, if

any carelessness, negligence or culpable conduct upon the part of defendant caused or contributed to such injury or wrongful death, such on the part of defendant bore only a slight proportion to the entire negligence, carelessness and culpable conduct attributable to both plaintiff(s) and defendant in causing the accident and any resulting injury.

## AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

THIRTY-THIRD: In the event Plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefits programs.

## AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

THIRTY-FOURTH: The accident described in the Complaint did not result in a "serious injury" to Plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, Plaintiff had and has no right to institute, maintain or prosecute this action and is barred from doing so.

The Plaintiff did not sustain serious injury as defined by Section 5102(d) and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The plaintiff's claims are barred by the emergency doctrine. Due to sudden and unexpected actions of the plaintiff, co-defendant, as yet unidentified party, or

other emergency, the defendant was left without time to contemplate or weigh alternative courses of action and therefore cannot reasonably be held to the standard of care required of one who has had a full opportunity to reflect and therefore was not negligent.

## AS AND FOR A SIXTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The plaintiff's cause of action is barred and/or non-actionable pursuant to the provisions of the New York State Workers' Compensation Law, Sections 11 and 29.

## AS AND FOR AN SEVENTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: In the event the plaintiff settles with the codefendants in this action, pursuant to General Obligations Law §15-108, the answering defendants are entitled to a set-off of the greater of either the amount of the settlement or the settling defendants' equitable share of plaintiff's damages award on a verdict.

## AS AND FOR A CROSS-COMPLAINT AGAINST
## THE CO-DEFENDANTS, DAVINDER SINGH,
## AMERICAN TRANSIT INSURANCE, LYFT, INC. and UBER, INC.

THIRTY-EIGHTH: If the Plaintiff was caused to sustain injury and damage at the time and place as set forth in the complaint through any carelessness, negligence or culpable conduct other than that of the Plaintiff, said injuries and damages were caused by the negligence, carelessness and culpable conduct on the part of the co-defendants, DAVINDER SINGH, AMERICAN TRANSIT INSURANCE, LYFT, INC. and UBER, INC., their agents, servants and/or employees with the negligence, if any, on the part of the answering defendants being slight and/or derivative only. By reason of the foregoing, the co-defendants, DAVINDER SINGH, AMERICAN TRANSIT INSURANCE LYFT, INC. and UBER,

INC., will be liable to the answering defendants in the event, and in the amount, of recovery herein by the Plaintiff, or in such amounts as the Court or jury may direct.

WHEREFORE, the defendants, SUKCHAIN SINGH and UNITED AUTO GROUP, demand judgment dismissing the complaint herein as to the answering defendants, and further demand judgment over and against the co-defendants, DAVINDER SINGH, AMERICAN TRANSIT INSURANCE, LYFT, INC. and UBER, INC., for the amount of any judgment which may be obtained herein by the Plaintiff against the answering defendants, or in such amount as the Court or jury may direct, together with the costs and disbursements of this action.

DATED: Bethpage, New York
November 26, 2024

*[signature]*

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

TO: MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
Attorneys for Plaintiff
450 7th Avenue, Suite 508
New York, New York 10123
(917) 861-4836

BARRY MCTIERNAN & MOORE LLC
Attorneys for Defendant
DAVINDER SINGH
One Battery Park Plaza, 35th Floor
New York, New York 10004

SHORT & BILLY
Attorneys for Defendant
AMERICAN TRANSIT INSURANCE COMPANY
217 Broadway, Park Row Building #300
New York, New York 10007
(212) 732-3320

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X      1:24-cv-01023-NRM-CLP
ZHENG SHI,
                              Plaintiff,
                                                                        CERTIFICATE
            -against-                                                   OF SERVICE

DAVINDER SINGH, AMERICAN TRANSIT
INSURANCE, SUKCHAIN SINGH,
UNITED AUTO GROUP, LYFT, INC., and
UBER, INC.,
                              Defendants.
-----------------------------------------------------------------X
```

      I hereby certify that on November 27, 2024, the foregoing documents were filed with the Clerk of the U.S. District Court, Eastern District of New York, and served on all counsel of record electronically via ECF filing system.

 

*/s/ Francis J. Scahill*

FRANCIS J. SCAHILL (FJS-9392)
SCAHILL LAW GROUP P.C.
Attorneys for Defendants
SUKCHAIN SINGH and
UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. B-107016-02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
1:24-cv-01023-NRM-CLP

ZHENG SHI,

                                        Plaintiff,

      -against-

DAVINDER SINGH, AMERICAN TRANSIT INSURANCE, SUKCHAIN SINGH, UNITED AUTO GROUP, LYFT, INC., and UBER, INC.,

                                        Defendants.

## VERIFIED ANSWER TO AMENDED COMPLAINT

**SCAHILL LAW GROUP P.C.**
Attorneys for Defendants
SUKCHAIN SINGH and UNITED AUTO GROUP
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200

Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a _____ duly entered in the office of the clerk of the within named court on _____
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for _____ settlement to the HON. _____ one of the judges of the within named court, at _____ on
Dated: Bethpage, New York

                                        Yours, etc.
                                        **SCAHILL LAW GROUP P.C.**
                                        Attorneys for Defendants
                                        SUKCHAIN SINGH and
                                        UNITED AUTO GROUP
To: All Parties                          1065 Stewart Avenue, Suite 210
                                        Bethpage, New York 11714
                                        (516) 294-5200