UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ZHENG SHI,

                           Plaintiff,

                 -against-

DAVINDAR SINGH, AMERICAN TRANSIT
INSURANCE, SUKHCHAIN SINGH, UNITED AUTO
GROUP INC., LYFT, INC. AND UBER, INC.

                          Defendants.
------------------------------------------------------------------------ X

Civil Action No.: 24-cv-01023

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

      Defendant, **LYFT, INC.** by its attorneys **LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**, as and for its Answer to the Plaintiff's Amended Complaint, alleges the following upon information and belief:

      1.    This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "One" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

## PARTIES

      2.    The averments in this paragraph are directed to a party other than Lyft and, therefore, require no response. To the extent a responsive pleading is required, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "TWO" of Plaintiff's Amended Complaint.

      3.    The averments in this paragraph are directed to a party other than Lyft and, therefore, require no response. To the extent a responsive pleading is required, upon information

154034502.1

and belief, Lyft admits the allegations contained within paragraph number "THREE" of Plaintiff's Amended Complaint.

The averments in this paragraph are directed to a party other than Lyft and, therefore, require no response. To the extent a responsive pleading is required, upon information and belief, Lyft admits only that Davindar Singh owned and operated the subject vehicle but otherwise denies each and every remaining allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "4" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

4a. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft admits only that it is a Delaware corporation with a principal place of business at 185 Berry Street, San Francisco, California, which conducts business in the State of New York. Lyft otherwise denies as stated each and every remaining allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "4a" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

5. The averments in this paragraph are directed to a party other than Lyft and, therefore, require no response. To the extent a responsive pleading is required, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "5" of Plaintiff's Amended Complaint.

5a. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary,

Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "5a" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

6. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "6" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

7. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft admits only that, upon information and belief, Davindar Singh maintained motor vehicle insurance with American Transit but otherwise denies knowledge or information sufficient to form a belief as to each and every remaining allegation contained within paragraph number "7" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

7a. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "7a" as to Lyft and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

7b. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every

allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "7b" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

## PLAINTIFF'S CLAIMS OF DEFENDANTS NEGLIGENCE

8. The averments in this paragraph do not require a response.

9. The averments in this paragraph constitute conclusions of law to which no response is required. The averments in this paragraph also purport to summarize the contents of a writing, not attached to the complaint, which speaks for itself. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who used the Lyft application, website and technology platform (collectively, the "platform" or "Lyft platform") to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

9a. The averments in this paragraph are directed to a party other than Lyft and, therefore, require no response. To the extent a responsive pleading is required, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "9a" of Plaintiff's Amended Complaint.

9aa. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every

allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9aa" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who used the Lyft platform at his discretion to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

9b. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9b" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. Lyft expressly objects to the phrase "Lyft vehicle" as factually inaccurate and misleading. By way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who used the Lyft platform at his discretion to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

9c. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9c" as to Lyft and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who

used the Lyft platform at his discretion to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

9d. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9d" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

### DEFENDANT LYFT

9e. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9e" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination. By way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who used the Lyft platform at his discretion to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

9f. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "9f" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court

for determination. Lyft expressly objects to the phrase "its driver/operator" as factually inaccurate and misleading. By way of further response, Lyft did not hire, employ, or control Davinder Singh. At the time of the accident, Davinder Singh was an independent contractor who used the Lyft platform at his discretion to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Additionally, Lyft did not own, operate, maintain, manage, supervise, control, or entrust the vehicles involved in the incident in issue.

**DEFENDANT UBER**

9e. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "9e" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

9f. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "9f" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

**PLAINTIFF INJURIES**

10. Lyft denies each and every allegation contained within paragraph number "10" of Plaintiff's Amended Verified Complaint

11. Lyft denies each and every allegation contained within paragraph number "11" of Plaintiff's Amended Verified Complaint.

12. Lyft denies each and every allegation contained within paragraph number "12" of Plaintiff's Amended Verified Complaint.

13. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "13" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

13(sic). This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "13(sic)" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

13(sic*). The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "13(sic*)" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

## SEPARATE ACTION NO FAULT BENEFITS

14. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated

as number "14" as to Lyft and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

15. This paragraph is directed to a party other than Lyft and constitutes a conclusion of law and, therefore, require no response. To the extent a responsive pleading is deemed necessary, Lyft denies knowledge or information sufficient to form a belief as to each and every allegation contained within paragraph number "15" of Plaintiff's Amended Complaint and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

### RELIEF SOUGHT

15(sic). The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a responsive pleading is deemed necessary, Lyft denies each and every allegation contained within the paragraph of Plaintiff's Amended Complaint designated as number "15(sic)" and respectfully refers all questions of law, fact, or conclusions raised therein to the trial court for determination.

### FIRST AFFIRMATIVE DEFENSE

16. The Amended Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Lyft.

### SECOND AFFIRMATIVE DEFENSE

17. The instant lawsuit with respect to Plaintiff may not be maintained pursuant to § 5102 of the New York State Insurance Law, as Plaintiff did not sustain serious injuries.

### THIRD AFFIRMATIVE DEFENSE

18. Upon information and belief that whatever damages the Plaintiff may have sustained at the time and place mentioned in the Amended Complaint were caused in whole or in part by the comparative negligence of said Plaintiff. The amount of damages recovered, if any,

shall therefore be diminished in the proportion to which said negligent conduct, attributable to the Plaintiff, bears to the negligent conduct which caused said injuries.

**FOURTH AFFIRMATIVE DEFENSE**

19. Upon information and belief, Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

20. Upon information and belief, Plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and Lyft is entitled to have the court consider the same in determining such special damages as provided in §4545 of the CPLR.

**SIXTH AFFIRMATIVE DEFENSE**

21. In the event Plaintiff recovers a verdict or judgment against Lyft, then said verdict or judgment must be reduced pursuant to CPLR §4545 by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**SEVENTH AFFIRMATIVE DEFENSE**

22. Upon information and belief, Plaintiff's injuries, if any, were increased or caused by his failure to use and wear an available and working seatbelt at the time of the occurrence and, under the applicable laws, Plaintiff may not recover for those injuries which he would not have otherwise sustained.

### EIGHTH AFFIRMATIVE DEFENSE

23. If Lyft is subjected to any liability to Plaintiff herein, it will be due in whole or in part to the acts and/or omissions of other persons or entities, and any recovery obtained by said Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### NINTH AFFIRMATIVE DEFENSE

24. Any injuries or damages claimed were caused, in whole or in part, by the culpable conduct of third parties over which Lyft had no control or right to exercise such control.

### TENTH AFFIRMATIVE DEFENSE

25. The intervening and superseding negligence and causation of individuals and/or entities that Lyft had no control or right to exercise control, is a partial or a complete bar to all claims asserted against Lyft.

### ELEVENTH AFFIRMATIVE DEFENSE

26. To the extent Lyft is determined to owe Plaintiff a duty of care and is liable for any breach thereof, which is expressly denied, Lyft is entitled to application of a lesser standard of care under the sudden emergency doctrine, in that the driver Davindar Singh was confronted with an emergency which was sudden, unexpected, and perilous, and permitted little or no opportunity to apprehend the situation because of the shortness of time in which to react.

### TWELFTH AFFIRMATIVE DEFENSE

27. Pursuant to General Obligations Law § 15-108, Lyft demands a set-off corresponding to the amount of any settlement reached with any other tortfeasor(s) involved in the operative facts of this lawsuit, whether or not they are currently named as defendants herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

28. The Plaintiff's failure to join a necessary and indispensable party, or parties, and the intervening and superseding acts, omissions and/or negligence and causation of this person, persons or entity, not parties to this action, is a partial or a complete bar to all claims asserted against answering defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

29. The Second Amended Verified Complaint, and each and every purported cause of action and claim for damages contained therein, fails to state facts sufficient to constitute a cause of action against Lyft.

### FIFTEENTH AFFIRMATIVE DEFENSE

30. At the time of the occurrence alleged in his Amended Complaint, Plaintiff had entered into a legally binding agreement with Lyft governing his use of the Lyft platform. Pursuant to this agreement, Plaintiff expressly waived his right to the resolution of disputes in a court of law by a judge or jury and agreed to submit any claims between him and Lyft to arbitration. Pursuant to the Federal Arbitration Act and Plaintiff's contract with Lyft, the Terms of Service, Plaintiff is required to submit his claim against Lyft to binding arbitration.

### SIXTEENTH AFFIRMATIVE DEFENSE

31. Lyft invokes and reserves the right to assert any and all rights and defenses as provided in Lyft's Terms of Service, to which Plaintiff consented in order to use the Lyft platform.

## RESERVATION OF RIGHTS

32. Lyft reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

**WHEREFORE**, Defendant, **LYFT, INC.**, by its attorneys, Lewis, Brisbois, Bisgaard & Smith, LLP, hereby demands judgment dismissing the Amended Complaint, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this as this honorable Court may seem just, proper and equitable.

Dated: New York, New York
March 17, 2025

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *Kevin Zimmerman*

KEVIN ZIMMERMAN
Attorneys for Defendant
**LYFT, INC.**
77 Water Street, Suite 2100
NEW YORK, NEW YORK 10005
(212) 232-1300
File No. 37586.5124

To:

Martin Druyan and Associates Attorneys
Attorneys for Plaintiff
ZHENG SHI
450 7th Avenue, Suite 508
New York, N.Y. 10123
917-861-4836

Barry McTiernan & Moore
One Battery Park Plaza
35th Floor
New York, NY 10004
212-313-3600

Short & Billy, P.C.
15 Maiden Lane
Ste. 1100

154034502.1

New York, NY 10038
212-732-3320


Scahill Law Group. P.C.
1065 Stewart Avenue
Ste 210
Bethpage, NY 11714
516-368-9207

Nicoletti Spinner Ryan Gulino & Pinter
555 5th Avenue,
Ste 8th Floor
New York, NY 10017
212-730-7750

# AFFIDAVIT OF SERVICE

SUPREME COURT STATE OF NEW YORK )
COUNTY OF NEW YORK )

**Melissa Alvarez,** duly sworn deposes and says, that she is employed by LEWIS BRISBOIS BISGAARD & SMITH LLP and that deponent is not a party to the action, is over 24 years of age and resides in Richmond County, State of New York.

On the 17th day of March, 2025, deponent served the within document(s) entitled **VERIFIED ANSWER to PLAINTIFF'S AMENDED VERIFIED COMPLAINT** upon:

Martin Druyan and Associates Attorneys
Attorneys for Plaintiff
ZHENG SHI
450 7th Avenue, Suite 508
New York, N.Y. 10123
917-861-4836

Barry McTiernan & Moore
One Battery Park Plaza
35th Floor
New York, NY 10004
212-313-3600

Short & Billy, P.C.
15 Maiden Lane
Ste. 1100
New York, NY 10038
212-732-3320

Scahill Law Group. P.C.
1065 Stewart Avenue
Ste 210
Bethpage, NY 11714
516-368-9207

Nicoletti Spinner Ryan Gulino & Pinter
555 5th Avenue,
Ste 8th Floor
New York, NY 10017
212-730-7750


the attorneys for the respective party(ies) in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy of the same enclosed in a properly

154034502.1

- 15 -

addressed sealed envelope, with postage prepaid thereon via regular U.S. Mail within the State of New York.

*Melissa Alvarez*
**Melissa Alvarez**

Sworn to before me this
17th day of March, 2025

*Bonita E. Carter*
Notary Public

Bonita E. Carter
Notary Public, State of New York
No. 01CA6085073
Qualified in NEW YORK County
Commission Expire Date: 12/23/2026

**Civil Action No.: 24-cv-01023**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ZHENG SHI,

                Plaintiff,

    -against-

DAVINDAR SINGH, AMERICAN TRANSIT INSURANCE, SUKHCHAIN SINGH, UNITED AUTO GROUP INC., LYFT, INC. AND UBER, INC.

                Defendants,

---

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### LEWIS BRISBOIS BISGAARD & SMITH LLP

*Attorneys for Defendant(s)*

                *Office Address & Tel. No.:*    77 Water Street,
                                                                21st Floor
                                                                New York, NY 10005
                                                                (212) 232-1300

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

                                                      Signature:       /s/
                                                      Print Signer's Name: <u>Kevin Zimmerman, Esq.</u>

---

*Service of a copy of the within*                                                                    *is hereby admitted.*
*Dated:*   March 17, 2025
                                         *Attorney(s) for Defendant(s)*